W. R. PRESCOTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. W. R. PRESCOTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 61596–61597.  Promulgated August 7, 1934.

*A. W. Clapp, C.P.A.*, for the petitioners.
*Frank B. Schlosser, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The respondent determined income tax deficiencies for 1929 of $4,802.96 as to W. R. Prescott, and $7,009.82 as to Mrs. W. R. Prescott, by treating exchanges which they had made of Coca-Cola International shares for Coca-Cola shares as resulting in gain which they should have included in their incomes. The facts are all stipulated.

Before the transactions in question, petitioners owned shares of International. That corporation had been theretofore organized for the purpose of maintaining control of the Coca-Cola corporation, and a majority of Coca-Cola shareholders had turned in their Coca-Cola shares to International and received International shares. By a resolution of 1926, International gave each shareholder the right, whenever he elected to exercise it, of turning back at a small cost his International shares and receiving Coca-Cola shares. International's assets consisted entirely of Coca-Cola shares and a little cash, but whether by its charter its powers and privileges were restricted to such ownership does not appear, since the articles of incorporation are not in evidence. The aforesaid resolution also provided that whenever a shareholder of International turned in any of his shares for Coca-Cola shares, the International shares should be canceled and its stock reduced accordingly " until all of the common capital stock of the company, if exchanged, has been so retired." Pursuant to this resolution, petitioners turned in their International shares to the International corporation and received Coca-Cola shares. Their purpose in doing this was to realize some cash, and the Coca-Cola shares were more easily marketable than International shares, although, it is stipulated, both were listed on the New York Stock Exchange.

In their returns, petitioners treated the transactions as mere insubstantial exchanges without tax significance, because they regarded the Coca-Cola shares received as essentially the same as International shares given up. The Commissioner treated the shares as substantially different and held that the gain, measured by the value of the Coca-Cola shares received in excess of the basis of the International shares given up, was required by the controlling statute of 1928 to be recognized. In our opinion, the Commissioner was correct, *Evert A. Bancker*, just decided, 31 B. T. A. 14.

There is in this case the additional ground that, by virtue of the clear language of the International resolution, the transfer of Coca-Cola to petitioners was in cancellation of their International shares and hence a distribution in " partial liquidation," as that term is defined in section 115 (h), and taxable as an exchange under section 115 (c). The petitioners' contention, that if it was such a liquidation distribution it occurred in 1926, when the resolution was passed, can not be sustained. The liquidation was authorized, it is true, in 1926, but was inchoate until the shareholder elected to turn in his shares, which was in 1929. Before 1929 he neither actually nor constructively received the Coca-Cola shares.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

TRAMMELL, ARUNDELL, and ADAMS dissent.